

FILED

SEP 0 5 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LAWRENCE ROEDEL,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-153-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Petitioner Lawrence Roedel, appearing pro se, seeks habeas corpus relief under 28 U.S.C. § 2254. Roedel again seeks to challenge the 2006 conviction and sentence he received in the Eleventh Judicial District, Flathead County, Montana. Roedel's petition should be dismissed as an unauthorized successive petition.

## I.     Roedel's State Procedural Filing History

The Montana Supreme Court has summarized Roedel's state proceedings as follows:

> In 2006, a jury in Flathead County District Court convicted Roedel of deliberate homicide for killing his wife. He is serving an eighty-year prison sentence with a ten-year weapon enhancement.
>
> Roedel appealed his conviction, raising at least four issues, whether: (1) he received ineffective assistance of counsel (IAC); (2) the evidence was insufficient; (3) he was denied the right to be present at

1

all critical stages of the prosecution, and (4) he was denied the opportunity to review a tape recording before the District Court heard it at sentencing. We affirmed. *State v. Roedel*, 2007 MT 291, 339 Mont. 489, 171 P.3d 694 (*Roedel I* ).

Roedel filed a petition for postconviction relief, which the District Court denied. He appealed to this Court, raising issues of IAC and police and prosecutorial misconduct related to his conviction. We affirmed the District Court's denial of his petition. *Roedel v. State*, 2010 MT 109N, 357 Mont. 558, 236 P.3d 2 (*Roedel II* ).

In 2012, Roedel filed a petition for a writ of habeas corpus in which he alleged that his counsel failed to investigate the case adequately and failed to introduce evidence from or have his wife's son testify. *Roedel v. Frink*, No. OP 12-0527, Order, *1 (Mont. Oct. 9, 2012) (*Roedel III* ). Roedel argued the outcome of his trial may have been different, but for the inadequacy of his counsel's defense, and asked for a new trial. We noted that he could not collaterally attack his conviction by way of habeas corpus and denied the petition as procedurally barred under § 46-22-101(2), MCA. *Roedel III*, *2.

In 2013, Roedel again sought habeas corpus relief, attacking his conviction primarily on IAC grounds. *Roedel v. State of Montana*, No. OP 13-0756, Order (Mont. Nov. 26, 2013) (*Roedel IV* ). Roedel offered several affidavits in support of his arguments that he had new evidence. We stated that the issues presented were, or could have been, raised in his direct appeal or in his petition for postconviction relief. *See State v. Wright*, 2001 MT 282, ¶¶ 13, 22, 307 Mont. 349, 42 P.3d 753. We further noted "[t]his Court does not consider record-based issues in the context of a habeas corpus proceeding." *Roedel IV*, *2. We denied his petition because he had been " 'adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal.' Section 46-22-101(2), MCA." *Roedel IV*, *2-*3. We concluded that he was not entitled to any relief by way of habeas corpus.

In 2014, Roedel filed a writ of coram nobis alleging claims of IAC against both his trial and appellate counsel. *Roedel v. State of Montana*, No. OP 14-0213, 375 Mont. 552, 346 P.3d 1133, Order (table) (Apr. 22, 2014) (*Roedel V* ). This Court explained that,

2

effective October 1, 2011, we had abolished various bills and writs, such as the writ of coram nobis, with the revisions of the Montana Rules of Civil Procedure. We denied his petition, stating: "Roedel's petition has failed to allege any valid reason to justify the delay in his attack on his sentence. Consequently, Roedel has chosen the wrong avenue to seek relief if there [were] any available to him." *Roedel V*, *1.

In 2016, Roedel petitioned this Court for an out-of-time appeal of an October 21, 2015 Flathead County District Court Order denying his petition for DNA testing. *State of Montana v. Roedel*, No. DA 16-0070, Order (Feb. 16, 2016) (*Roedel VI*). We reiterated that Roedel has previously pursued relief with this Court through his appeals of his conviction and denial of postconviction relief.
*Roedel I* and *Roedel II*. We denied his petition and concluded "that Roedel has not demonstrated that a gross miscarriage of justice would result by the disallowance of his appeal." *Roedel VI*, *2.

Roedel now contends that exculpatory material exists to challenge his conviction. He points to pages 321 to 322 of his trial transcript and explains that omitted evidence exists concerning testing the bullet for DNA. He questions the investigation of the case and argues that he did not have a fair trial. He requests the same relief as Richard Earl Burkhart received from this Court. He requests his immediate release from prison and that his "record be totally expunged."

Roedel is not entitled to his immediate release or other relief. Once again, Roedel is attempting to litigate issues, such as IAC or DNA, which were raised or could have been raised previously. *Roedel I*, ¶¶ 36-56; *Roedel II*, ¶ 3, *Roedel VI*, *1-*2. Roedel is time and procedurally barred from raising these issues now via a petition for habeas corpus relief. *Lott v. State*, 2006 MT 279, ¶¶ 4, 19, 334 Mont. 270, 150 P.3d 337; § 46-22-101(1), MCA; *Roedel III*, *Roedel IV*, *Roedel V*, and *Roedel VI*.

*Roedel v. Salmonson*, OP 18-0371, 2018 WL 3566865, at *1–2 (Mont. July 24, 2018).

## II.    Roedel's Federal Filing History

The petition at hand is Roedel's fourth filing in this Court. He first filed in 2010. *Roedel v. Law*, No. CV 10-71-M-DWM, Pet. (filed June 22, 2010). There, Roedel advanced various claims, including: the effectiveness of trial counsel (*id.* at 4), sufficiency of the evidence (*id.*), suppression of evidence (*id.*), media influence (*id.*), unlawful arrest (*id.*), denial of evidentiary hearing (*id.*), failure to investigate (*id.*), and denial of counsel (*id.*). Each claim was analyzed and recommended for dismissal on the merits. *See Roedel v. Law*, No. CV 10-71-M-DWM, Find. and Rec. (filed Sept. 15, 2010).  Roedel's petition was ultimately denied.  *See Roedel v. Law*, No. CV 10-71-M-DWM, Or. (D. Mont. Oct. 22, 2010).

Roedel returned to this Court on May 16, 2014, by filing a petition for a writ of error coram nobis.  *Roedel v. State*, No. CV 14-160-M-DLC-JCL, Pet. (May 16, 2014).  It was determined that this Court lacked jurisdiction over the petition. *Roedel v. State*, No. CV 14-160-M-DLC-JCL, Find. and Rec. at 1 (filed May 20, 2014).  Additionally, Roedel was informed that his attempt to argue the merits of his claims for relief against the judgment was foreclosed, because he already had an opportunity to do so in his original federal habeas petition and that 28 U.S.C. § 2244(b) prevented him from filing a second habeas petition without authorization from the Ninth Circuit. *Id.* at 2.  Roedel's petition was dismissed for lack of jurisdiction and a certificate of appealability was denied.  *Roedel, v. State*, No. CV

4

14-160-M-DLC-JCL, Or. (D. Mont. June 11, 2014).

In 2016, Roedel filed another habeas petition. *Roedel v. Kirkegard*, No. CV-16-66-M-DLC-JCL, Pet. (filed May 9, 2016).  Roedel claimed: (1) he was not indicted by a grand jury in violation of the Fifth and Fourteenth Amendments (doc. 1-1 at 1); (2) he was denied an adequate evidentiary hearing, was denied *Brady* material, and the evidence was insufficient to sustain a conviction in violation of the Fifth, Sixth, and Fourteenth Amendments (*id.* at 2); (3) his Fifth, Sixth, and Fourteenth Amendment Rights were violated by inadequate forensic testing and ineffective assistance of trial counsel relative to the forensic evidence (*id.* at 3);  (4) lack of certain forensic evidence demonstrated *Brady* violations, ineffective trial counsel, and the court's deliberate indifference to the insufficiency of the evidence (*id.* at 4-7); (5) trial counsel's "confessor pleading" relative to the number of shots fired violated the Fifth, Sixth, and Fourteenth Amendments (*id.* at 8); and, (6) he was denied the right to a fair and impartial jury in violation of the Sixth and Fourteenth Amendments (*id.* at 9.)

This Court observed that all the claims Roedel presented constituted successive attacks on his 2006 conviction and judgment.  Roedel was again informed that without prior authorization from the Ninth Circuit, this Court lacked jurisdiction to hear his claims.  (Doc. 3 at 4-5.)  Roedel's petition was ultimately dismissed and a certificate of appealability was denied.  *See Roedel v. Kirkegard,*

No. CV-16-66-M-DLC-JCL, Or. (D. Mont. July 21, 2016).[1]

### III.   Roedel's Present Claims

In his current petition, Roedel claims: (1) trial counsel provided ineffective assistance of counsel by failing to provide Roedel a "discovery record," which purportedly contained exculpatory information, and failed to explain the forensic implications of trial testimony in violation of both *Strickland v. Washington*[2] and Roedel's right to due process (Doc. 1 at 4, ¶ 13 (A)(i)); *see also* (Doc. 1-1 at 2-4); and, (2) the state violated *Brady v. Maryland*[3] by not calling Roedel's son, Nathan Thompson, to testify during trial and by purportedly suppressing evidence surrounding the victim's financial troubles as a potential motivation for her to engage in a confrontation with Roedel. (Doc. 1 at 5 ¶ 13 (B)(i); (Doc. 1-1 at 5-6.)

Roedel asks this court to grant an evidentiary hearing, order a new trial, or exonerate him. (Doc. 1 at 7, ¶ 16.)

### IV.   Analysis

As previously explained to Roedel, the Antiterrorism and Effective Death

---

[1] The Ninth Circuit denied Roedel's request for a certificate of appealability and the United States Supreme Court denied Roedel's petition for writ of certiorari. *See* e.g., *Roedel v. Kirkegard*, No. CV-16-66-M-DLC-JCL (Docs. 10 & 12.)

[2] Ineffective assistance of counsel claims are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984), and require a petitioner to demonstrate (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. 466 U.S. 668 at 687.

[3] Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), prosecutors are constitutionally obligated to disclose "evidence favorable t an accused... [that] is material either to guilt or to punishment.

Penalty Act of 1996 ("AEDPA") contains demanding filing requirements on

second or successive habeas petitions- requirements designed to prevent "the

repeated filing of habeas petitions that attack the prisoner's underlying conviction."

*Leal Garcia v. Quarterman*, 573 F. 3d 214, 220 (5th Cir. 2009).  A federal habeas

petition is second or successive if the facts underlying the claim occurred by the

time of the filing of the initial petition, *Panetti v. Quarterman*, 551 U.S. 930, 945

(2007), and if the petition challenges the same state court judgment as the initial

petition. *Magwood v. Patterson*, 561 U.S. 320, 333 (2010).  As set forth above,

Roedel's petition falls squarely within the realm of successive petitions.  "Before a

second or successive application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application."  28 U.S.C. §

2244(b)(3)(A).

Despite being advised on at least two prior occasions of the requirement

that he receive authorization from the Circuit before he is able to file a successive

petition in this Court, Roedel has still not requested or obtained the appropriate

authorization.  Thus, Roedel's failure to do so acts as a jurisdictional bar. 28

U.S.C. § 2244(b)(3)(A).  Until Roedel obtains leave from the Ninth Circuit Court

of Appeals to file a successive habeas petition, this Court has no jurisdiction to

hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

7

## V.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Roedel's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Roedel may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Roedel must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 5th day of September, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Roedel is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.